**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4596**

UNITED STATES OF AMERICA,

 Plaintiff – Appellee,

 v.

AARON COPPEDGE,

 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (4:09-cr-00064-F-1)

Submitted: October 26, 2011        Decided: November 18, 2011

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina; Keith A. Williams, LAW OFFICES OF KEITH A. WILLIAMS, P.A., Greenville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Aaron Coppedge of conspiracy to distribute and possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006); four counts of distribution of crack, in violation of 21 U.S.C. § 841(a) (2006); and possession with intent to distribute crack, in violation of 21 U.S.C. § 841(a). The district court sentenced Coppedge to life imprisonment for the conspiracy and possession with intent to distribute counts, the statutory mandatory minimum term, and 360 months of imprisonment for the distribution counts, to be served concurrently. Coppedge now appeals. For the reasons that follow, we affirm Coppedge's convictions, but vacate the sentence and remand for resentencing.

Coppedge first argues on appeal that the district court erred in limiting his cross-examination of two prosecution witnesses, in violation of his Sixth Amendment right to confront his accusers. "[A] defendant's right to cross-examine cooperating witnesses about sources of potential bias is guaranteed by the Confrontation Clause of the Constitution." United States v. Cropp, 127 F.3d 354, 358 (4th Cir. 1997) (citation omitted). "We review for abuse of discretion a trial court's limitations on a defendant's cross-examination of a prosecution witness." United States v. Smith, 451 F.3d 209, 220

2

(4th Cir. 2006) (citation omitted). Moreover, a district court "possesses wide latitude to impose reasonable limits on cross-examination, premised on such concerns as prejudice, confusion, repetition, and relevance." Id. (citations omitted). We have thoroughly reviewed the record and conclude that the district court did not err in imposing reasonable limitations on Coppedge's cross-examination of these witnesses.

Coppedge next argues that the district court plainly erred in admitting testimony of a witness not proffered as an expert regarding a drug-related code word. As Coppedge failed to object to this testimony before the district court, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, Coppedge must demonstrate that there was error, that was plain, and that affected his substantial rights. Olano, 507 U.S. at 731-32. Moreover, even if Coppedge demonstrates plain error occurred, we will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). We conclude, based on our review of the record, that Coppedge has failed to meet these standards and therefore failed to demonstrate that the district courtly plainly erred.

3

Coppedge also argues that the district court abused its discretion in admitting testimony regarding drug transactions in which Coppedge was involved that occurred prior to the substantive counts of conviction. We review a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). An abuse of discretion occurs only when "the trial court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted).

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." Id. It is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except that which tends to prove only criminal disposition. See Queen, 132 F.3d at 994-95. For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th

Cir. 2004) (citing Queen, 132 F.3d at 997). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect. Id. (citing Fed. R. Evid. 403).

Rule 404(b) does not, however, apply to evidence of acts intrinsic to the crime charged. United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996). "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. at 88 (internal quotation marks and citation omitted). With respect to the testimony of Coppedge's codefendant, we conclude that this testimony was intrinsic to the charged offenses, as the transactions testified to were part of the charged conspiracy. We also conclude that the district court properly admitted the other witness' challenged testimony pursuant to Rule 404(b), and that this evidence was not unduly prejudicial. See Queen, 132 F.3d at 994 ("Prejudice, as used in Rule 403, refers to evidence that has an 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'") (citations omitted).

Coppedge next argues on appeal that the Government failed to prove beyond a reasonable doubt that the prior convictions listed in its 21 U.S.C. § 851 (2006) notice were

5

sustained by Coppedge.  If a defendant sustains a conviction under § 841(a) or § 846 after sustaining a prior conviction for a felony drug offense, the defendant is subject to a statutory mandatory minimum term of twenty years of imprisonment.  21 U.S.C. § 841(b)(1)(A) (2006), current version at 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 2011).  The statutory mandatory minimum is raised to life imprisonment if the defendant sustains the conviction after two convictions for felony drug offenses have become final.  Id.

In order to enhance the defendant's sentence based on his prior convictions, however, the Government must file an information pursuant to 21 U.S.C. § 851 "stating in writing the previous convictions to be relied upon."  21 U.S.C. § 851(a)(1). If the defendant contests the information in the notice, or claims that any conviction is invalid, he must file a written response and the district court must "hold a hearing to determine any issues raised by the response which would except the person from increased punishment."  21 U.S.C. § 851(c)(1). In reviewing a district court's imposition of an enhanced sentence based on §§ 841, 851, we review the court's findings of fact for clear error and its legal conclusions de novo.  United States v. Kellam, 568 F.3d 125, 143 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009).  We have reviewed the record and conclude that the district court did not err in finding that the

6

Government proved that Coppedge sustained the prior convictions listed in the § 851 information.

Coppedge next argues that the district court plainly erred in instructing the jury regarding its finding of the amount of drugs for which Coppedge was responsible. As Coppedge did not challenge the jury instructions in the district court, we review this argument for plain error. See Olano, 507 U.S. at 731-32. Moreover, "'[w]e review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law.'" United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (quoting United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (en banc)). We conclude that the district court's instruction to the jury, that it must find the amount of drugs reasonably foreseeable to Coppedge during the course of the conspiracy, fairly stated the controlling law. See United States v. Collins, 415 F.3d 304, 311-14 (4th Cir. 2005). Therefore, the court did not plainly err in instructing the jury on the drug weight finding.

Coppedge also argues that one of the convictions listed in the § 851 notice, and used to enhance the mandatory minimum for the conspiracy and distribution counts to life imprisonment, was not a felony punishable by a term of

imprisonment exceeding one year.[1]  We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009).  In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  Gall, 552 U.S. at 51.

As discussed above, under 21 U.S.C. § 841(b)(1)(A) (2006), a defendant is subject to a statutory mandatory minimum term of imprisonment of ten years unless he has sustained a prior conviction for a felony drug offense, in which case the statutory mandatory minimum becomes twenty years of imprisonment, and is raised to life imprisonment if he has sustained two such prior convictions.  A felony drug offense is defined in part as an "offense punishable by imprisonment for more than one year under any law . . . of a State."  21 U.S.C. § 802(44) (2006).

---

[1] Coppedge has not challenged on appeal whether the other conviction listed in the § 851 notice, for trafficking cocaine, qualified as a felony drug offense.

8

We conclude that Coppedge's challenge to his enhanced sentence must be sustained. Here, one of Coppedge's prior convictions was for possession of controlled substances, a Class I felony under North Carolina law. At the time of his conviction, Coppedge's prior record level was III, and the sentencing court found that he should be sentenced within the presumptive range of the applicable sentencing table under N.C. Gen. Stat. § 15A-1340.17(c) (2007). Under North Carolina law, Coppedge faced a maximum term of imprisonment of eight months. See N.C. Gen. Stat. § 15A-1340.17(d) (2007). Therefore, Coppedge could not have received a term of imprisonment exceeding twelve months for this prior conviction.

In United States v. Simmons, 648 F.3d 237 (4th Cir. 2011) (en banc), we determined that an offense is not punishable by a term exceeding one year of imprisonment if the defendant could not have actually received more than one year of imprisonment for that offense, based on his prior criminal history and other factors. As Coppedge could not have received a term exceeding one year of imprisonment for this prior offense, he did not have two qualifying predicate offenses to increase the statutory penalties under § 841(b)(1)(A). Because the advisory Guidelines range for the conspiracy and distribution counts was determined based on the statutory mandatory minimum of life imprisonment rather than twenty years

9

of imprisonment, see U.S. Sentencing Guidelines Manual § 5G1.1 (2010), Coppedge was sentenced based on an incorrect Guidelines calculation and an inapplicable statutory mandatory minimum. Thus the sentences for the conspiracy and distribution counts are procedurally unreasonable.[2]

Coppedge also argues that the district court erred in rejecting his claim that the disparity between punishments for crack and cocaine offenses is unconstitutional. In his reply brief, Coppedge also asserts that the Fair Sentencing Act should apply retroactively to defendants such as Coppedge who were sentenced before the effective date of the act. We conclude that the district court did not err in rejecting Coppedge's argument. This court has repeatedly rejected arguments that the crack and cocaine punishments in § 841 are unconstitutional. See, e.g., United States v. Burgos, 94 F.3d 849, 876 (4th Cir. 1996) (collecting cases). Moreover, a panel of this court has determined that the Fair Sentencing Act does not apply retroactively to defendants sentenced before the effective date of the act. See United States v. Bullard, 645 F.3d 237, 248-49 (4th Cir.), cert. denied, 2011 WL 4536465 (2011) (No. 11-5912).

---

[2] This conclusion implies no criticism of the district court or the Government, both of which dutifully applied authoritative Circuit precedent at the time of Coppedge's prosecution and sentencing.

10

As one panel of this court may not overrule another panel, see United States v. Rivers, 595 F.3d 558, 564 (4th Cir. 2010), this argument fails.

Coppedge next argues that the district court erred in finding that he was a career offender under the advisory Guidelines, and erred in applying an enhancement for his role as a manager in the conspiracy. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted).

Under the Guidelines, a defendant is considered a career offender if (1) he was eighteen years old at the time of the offense of conviction, (2) the offense of conviction is either a felony crime of violence or controlled substance offense, and (3) he has sustained two prior convictions for felony crimes of violence or controlled substance offenses. U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2010). A crime of violence is defined in part as any offense punishable by a term of imprisonment exceeding one year that involves

11

conduct that presents a serious potential risk of physical injury to another. USSG § 4B1.2(a)(1)-(2). A controlled substance offense is an offense punishable by a term of imprisonment exceeding one year that prohibits the manufacture, distribution, or dispensing of a controlled substance, or the possession with intent to manufacture, distribute, or dispense a controlled substance. USSG § 4B1.2(b).

Although Coppedge initially objected to the career offender finding under the Guidelines, at the sentencing hearing he explicitly withdrew that objection. Therefore, Coppedge has waived review of this issue. See Olano, 507 U.S. at 733 ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'") (citations omitted). However, even in the absence of a waiver, we would conclude that the district court did not err in finding that Coppedge was a career offender. As discussed above, Coppedge's prior conviction for possession of controlled substances is not a felony controlled substance offense as Coppedge could not have received more than one year of imprisonment and the offense did not involve the intent to distribute the controlled substances. However, even discounting this conviction, Coppedge had sustained a sufficient number of convictions for felony controlled substance offenses and crimes of violence to qualify as a career offender. As we find that the district court did not err in finding that Coppedge was a

12

career offender, it is unnecessary to review his argument that the court erred in applying an enhancement for his role as a manager under the Guidelines, as his career offender status rendered that calculation moot.

Coppedge also argues that the statutory mandatory minimum term of life imprisonment for a drug conspiracy offense violates the Fifth Amendment's Due Process Clause and the Eighth Amendment's prohibition on cruel and unusual punishment. As we have determined that the statutory mandatory minimum term of life imprisonment is not applicable to Coppedge, however, we decline to reach this issue at this time.

Finally, Coppedge argues that the district court erred in enhancing his sentence based on prior convictions that were neither admitted by him nor proved to the jury beyond a reasonable doubt. This argument is foreclosed by binding precedent, see, e.g., Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), and therefore must fail.

Accordingly, we affirm Coppedge's convictions, but vacate the sentence for the conspiracy and distribution counts, and remand for resentencing in light of Simmons. We dispense with oral argument because the facts and legal contentions are

13

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED