**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4649**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

AARON COPPEDGE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Fox, Senior District Judge.  (4:09-cr-00064-F-1)

Submitted:  July 11, 2013        Decided:  July 25, 2013

Before MOTZ, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Aaron Coppedge of conspiracy to possess with intent to distribute and distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006), four counts of distribution of crack, and one count of possession with intent to distribute crack, in violation of 21 U.S.C. § 841(a) (2006). The district court originally sentenced Coppedge to life imprisonment. On Coppedge's first appeal, we vacated the sentence for the conspiracy and distribution counts and remanded for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). United States v. Coppedge, 454 F. App'x 202 (4th Cir. 2011) (unpublished). On remand, the district court sentenced Coppedge to a total of 360 months of imprisonment and he now appeals. For the reasons that follow, we affirm the district court's judgment.

Coppedge argues on appeal that the district court erred in applying an enhancement under the Sentencing Guidelines for possession of a firearm; erred in concluding that his prior conviction for trafficking in cocaine qualified as a felony drug offense under 21 U.S.C.A. §§ 802(44), 841(b) (West 2006 & Supp. 2013) in order to increase the applicable statutory penalties; and erred in calculating the drug weight for which he was responsible. As Coppedge could have, but failed to, raise these arguments in his first appeal, the mandate rule barred the

2

district court from consideration of any of these issues. See Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) ("[A]ny issue that could have been raised but was not raised on appeal is waived and thus not remanded.") (internal quotation marks and citation omitted); see also S. Atl. Ltd. P'ship of Tenn. v. Riese, 356 F.3d 576, 583 (4th Cir. 2004) (mandate rule "forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived") (internal quotation marks and citation omitted).

Coppedge also argues that the district court erred in applying a three-level enhancement under the Guidelines for acting in a managerial/supervisory role in the conspiracy. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks and citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and citation omitted). Under the Guidelines, a district court should apply a three-level enhancement in offense level if a defendant was a manager or supervisor (but not an organizer or leader) in criminal activity that involved five or more participants or was

3

otherwise extensive.  See U.S. Sentencing Guidelines § 3B1.1(b) (2012).  We have thoroughly reviewed the record and conclude that the district court did not err in applying this enhancement.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED